UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOSCH LLC,

    Plaintiff,

v.                                Case No. 12-11503

SNAP-ON INC. and
DREW TECHNOLOGIES, INC.

    Defendants.
                                     /

## SCHEDULING ORDER

Having held two telephone conferences with counsel for the parties on May 9, 2012, and May 25, 2012, to discuss the manner in which this litigation will proceed, and after reviewing the "Proposed Rule 26(f) Report and Proposed Scheduling Order" submitted by counsel on May 25, 2012, the court will now issue its scheduling order.

### I. DISCOVERY SCHEDULE

#### A. Fact Discovery

Fact discovery shall commence immediately and be completed by **March 25, 2013**. Discovery shall begin on all discoverable issues and shall not be limited to claim interpretation. Discovery shall include any relevant opinions of counsel if Defendants intend to rely upon an opinion of counsel as a defense to a claim of willful infringement.

#### B. Rule 26(a)(1) Initial Disclosures

The parties will exchange the initial discovery disclosures required by Federal Rule of Civil Procedure 26(a)(1) by **June 8, 2012**.

### C.  Deadline to Add Parties

The deadline for adding parties is **September 3, 2012**.  The deadline for amending the pleadings is **November 3, 2012**.

### D.  Disclosure of Infringement Contentions

The patentee must file and serve disclosures of the following information by **June 29, 2012**:

1. Each patent claim that is allegedly infringed by each opposing party;

2. For each asserted claim, the accused product of each opposing party of which the patentee is aware.  This identification shall be as specific as possible.  Plaintiff shall identify each accused product by name or model number, if known.

3. A chart identifying specifically where each limitation of each asserted patent claim is found within each accused product, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the accused product that performs the claimed function.

4. Whether each claim limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused product.

### E.  Disclosure of Invalidity Contentions

Any party asserting invalidity or unenforceability claims/defenses must file and serve disclosures containing the following by **July 27, 2012**:

1. Each item of prior art that forms the basis for any allegation of invalidity by reason of anticipation under 35 U.S.C. § 102 or obviousness under 35 U.S.C. § 103.  For prior art that is a document, a copy of the document should be provided to the patentee's counsel or be identified by Bates Number if it was previously produced.  As to prior art that is not documentary in nature, such prior art shall be identified with particularity (by "who, what, when, where," etc.) as to publication date, sale date, use date, source, ownership, inventorship, conception and any other pertinent information.

2.     Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items or prior art makes a claim obvious, each such combination, and the reason why a person of ordinary skill in the art would combine such items must be identified.

3.     A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each claim limitation that such party is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function.

4.     For any grounds of invalidity based on 35 U.S.C. § 112 or other defenses, the party asserting the claim or defense shall provide its reasons and evidence why the claims are invalid or the patent unenforceable and make specific reference to relevant portions of the patent specification and/or claims.  Such positions shall be made in good faith and not simply *pro forma* arguments.

### F.  Non-Infringement Contentions

On or before **July 27, 2012**, Defendants shall file and serve non-infringement contentions, which shall explain the factual basis for any allegation that it does not infringe the patent-in-suit either literally or under the doctrine of equivalents, including identifying what claim limitations that it believes are not present in the accused products and why an equivalent is not present.

### G.  Claim Construction Proceedings

Pursuant to the decision of *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), the following procedures will be followed for resolution of claim construction issues in this case.

**1.  Initial Identification of Disputed Claim Terms.**  The parties will confer to determine what claim terms may need to be interpreted by the court by **September 27, 2012.**

**2. Proposed Interpretations.** On or before **October 25, 2012**, the parties shall exchange, but not file, a chart or table that lists for each disputed claim term the party's proposed interpretation of the disputed claim term, along with citations to the intrinsic and extrinsic evidence (e.g., patent, prosecution history, dictionary definitions, etc.) that supports its interpretation as well as a brief summary of any testimony that is expected to be offered to support that interpretation.

**3. Final Identification of Disputed Claim Terms.** Within **one week** after exchanging the claim chart above, the parties shall confer again about the claim terms in dispute. At this meeting, the parties shall attempt to narrow and finalize the claim terms that need to be interpreted by the court. If, at any time, the parties determine that a claim construction hearing is not necessary, they shall notify the court in a timely matter. The parties shall set forth separately the construction of those claim terms on which the parties agree.

**4. Technology Tutorial.** The court will hold an informal conference with the attorneys on **November 26, 2012, at 2 p.m.** At the conference, the attorneys for each side will explain the technology at issue in the litigation, but they shall not pre-argue their claim construction positions to the court, except to point out to the court the context of the dispute. The conference will not be recorded. At this conference, the parties shall inform the court of how many claim terms they propose that the court interpret. The court may limit the number of terms that will be interpreted at an initial *Markman* hearing.

**5. Plaintiff's Opening Claim Construction Brief.** Plaintiff shall file its opening claim construction brief on or before **December 14, 2012**.

**6. Defendants' Response Brief.** Defendants shall file any responsive claim construction brief on or before **January 11, 2013**.

**7. Draft of Plaintiff's Reply Brief.** To the extent that Plaintiff intends to file a reply brief on claim construction issues, Plaintiff shall serve, but not file, a good-faith draft of its intended reply brief on opposing counsel on or before **January 25, 2012**. Plaintiff shall prepare and serve within this time period a draft four-column claim interpretation chart.

**8. In-Person Meeting.** On or before **February 8, 2013**, principal counsel for both parties shall have a face-to-face meeting[1] to discuss the parties' legal theories and proposed claim interpretations in an effort to narrow the disputes and arguments that the court must resolve.

**9. Filing of Final Version of Reply Brief and Claim Chart.** On or before **February 15, 2013**, Plaintiff shall file with the court and serve on opposing counsel the final versions of its reply brief and the claim chart. Plaintiff shall set forth in its reply brief any previous claim interpretation disputes that the parties have resolved during the in-person meeting. Plaintiff shall also submit a copy of the final version of the claim chart to the court in WordPerfect format via email as a proposed order through the court's electronic filing system.

---

[1]The court can make a conference room available at the courthouse upon advanced notice.

**10. Claim Construction Hearing.** The court will conduct a claim interpretation hearing on **April 17, 2013, at 2 p.m.**

### G.  Deadline for Amending Infringement, Non-Infringement, and Invalidity Contentions

Each party shall seasonably file amended infringement, invalidity, or non-infringement contention in accordance with Rule 26(e) upon learning that the contention is incomplete or incorrect.  The parties should conduct timely discovery so that these contentions can be updated as soon as possible.  Any amendment to a party's infringement, invalidity, or non-infringement contentions, or other pleading, that is necessary due to the court's claim interpretation ruling, must be timely made but in no event later than **twenty-eight days** after the court's claim construction ruling.

### I.  Court Telephone Conference

Within **seven days** after the court issues its claim construction ruling, the parties shall contact the court's case manager to schedule an immediate telephone conference to discuss scheduling issues.  After the telephone conference, the court will issue an order setting dates for the remaining deadlines to be scheduled.

### J.  Expert Discovery

Each party shall serve expert reports as required by Rule 26(a)(2), on issues where that party bears the burden of proof, within **twenty-eight days** of the court's claim construction ruling.  On issues where a party does not bear the burden of proof, rebuttal expert reports are due within **twenty-eight days** of service of the principal expert report.

All expert discovery shall commence so as to be completed within **twenty-eight days** of the rebuttal expert reports.

### K.  Dispositive Motions

All dispositive motions shall be filed within **twenty-eight days** after the deadline for expert discovery.

IT IS SO ORDERED.


    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  June 7, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 7, 2012, by electronic and/or ordinary mail.

    s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522