UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOSCH LLC,

    Plaintiff,

v.                                          Case No. 12-11503

SNAP-ON INC. and
DREW TECHNOLOGIES, INC.,

    Defendants.
                                     /

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND FOR ORDER IMPOSING SANCTIONS; (2) DENYING DEFENDANTS' MOTION TO COMPEL; (3) GRANTING DEFENDANTS' MOTIONS TO SEAL; AND (4) DENYING PLAINTIFF'S MOTION TO PRECLUDE LATE FILING OF DEFENDANTS' REPLY BRIEF**

Plaintiff Robert Bosch LLC ("Bosch") filed a patent infringement suit against Defendants Snap-On Inc. ("Snap-on") and Drew Technologies, Inc. ("Drew Tech."). Bosch claims that Snap-on and Drew Tech. are directly and indirectly infringing United States Patent No. 6,782,313 (the "'313 Patent") by making and selling the Pass-Thru Pro II product and CarDAQ-Plus product alone or in combination with computers, such as the VERUS Diagnostic Platform product (the "Verus product"). (Second Am. Compl. ¶¶ 20, 30, Dkt. # 12.)

Bosch has moved to compel discovery of Snap-on's Verus product and for an order imposing sanctions against Snap-on for refusing to provide discovery. (Pl.'s Mot., Dkt. # 33.) Snap-on opposes the motion, claiming that the Verus product is not relevant to the patent infringement lawsuit and that Bosch is not entitled to discovery of the Verus product because Bosch's infringement contentions are insufficient. Snap-on and

Drew Tech. filed a separate motion to compel Bosch to disclose its infringement contentions. (Defs.' Mot., Dkt. # 47.) This order will resolve both motions as each concerns whether Bosch's infringement contentions satisfy the court's scheduling order. The motions have been fully briefed, and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will deny Defendants' motion to compel. The court will grant Bosch's motion with respect to compelling discovery of the Verus product, but deny the motion with regard to imposing sanctions against Snap-on.

## I. DISCUSSION

### A. Motions to Seal and Motion to Preclude Defendants from Filing a Late Reply

As an initial matter, the court will address the motions that have been filed in conjunction with the two discovery motions at issue. Defendants have filed three motions to seal in order to maintain the confidentiality of various documents that Plaintiff has designated as such. Defendants disagree that Plaintiff's designated documents contain confidential information and have informed the court that they will challenge those designations. But for the time being, the court finds the designations appropriate and will grant the motions to seal.

Bosch has moved to preclude Defendants from filing a reply brief to Bosch's response in opposition to Defendants' motion to compel. (Pl.'s Mot., Dkt. # 58.) On January 7, 2013, Bosch filed a response to Defendants' motion. Under local rules, Defendants had seven days, until January 14, 2013, to file an optional reply brief. E.D. Mich. LR 7.1(e)(2)(C). While parties are normally granted a three-day extension to file a responsive pleading, Bosch claims that it properly served its response on Defendants via courier, thereby denying Defendants the benefit of the three-day extension.

Defendants argue that Bosch did not properly serve its response via courier and that January 17, 2013, remained the correct due date for filing a reply.  As of January 16, 2013, Defendants had yet to submit a reply.  On that date, Bosch filed a motion seeking the court to preclude Defendants from submitting a reply or, alternatively, to strike a reply if filed, as Defendants' reply would necessarily be late.  Bosch argues that Defendants' tardiness "is hardly benign" and that Bosch is "unfairly prejudiced by Defendants' pattern of delay and disregard for the Court's rules."  (Pl.'s Mot. at 8, Dkt. # 58.)

The court is dismayed by Bosch's preemptive motion.  Defendants were not required to reply to Bosch's response brief.  It is perplexing how Bosch could suffer unfair prejudice as a result of Defendants submitting late an *optional* brief.  The court will deny the motion, and Bosch should refrain from cluttering the court's docket with unnecessary motions.  Further, the court expects a certain degree of courteousness between counsel, and filing a preemptive motion to strike a not-yet filed brief does not conform with the court's expectations.  While deadlines are important, the court expects counsel to treat one another with a modicum of understanding and respect.

Defendants ultimately filed their reply on January 17, 2013.  Regardless of whether the appropriate due date was January 14 or January 17, the court considered the brief in ruling on Defendants' motion to compel.

**B. Defendants' Motion to Compel Bosch to Disclose its Infringement Contentions**

Defendants have moved to compel Bosch to disclose its infringement contentions, arguing that they do not satisfy the court's scheduling order.  The purpose of infringement contentions "is to provide defendants with notice of infringement beyond

3

the claim language itself." *Shurtape Techs., LLC v. 3M Co.*, No. 5:11-CV-17-RL V-DCK, 2011 WL 4750586, at *2 (W.D. N.C. Oct. 7, 2011). Infringement contentions "must be reasonably precise and detailed based on all publicly available information in order to provide a defendant with adequate notice of the plaintiff's theories of litigation." *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08cv144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009). Infringement contentions "providing vague, conclusory language or simply mimicking the language of the claim when identifying infringement fail to comply" with the court's scheduling order. *ConnecTel, LLC v. Cisco Sys, Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005). However, infringement contentions "need not meet the level of detail required . . . on a motion for summary judgment on the issue of infringement because infringement contentions are not meant to provide a forum for litigation of the substantive issues." *Realtime*, 2009 WL 2590101, at *5 (citation omitted).

With respect to infringement contentions, the court's scheduling order directed Bosch to serve disclosures of the following:

1. Each patent claim that is allegedly infringed by each opposing party;

2. For each asserted claim, the accused product of each opposing party of which the patentee is aware. This identification shall be as specific as possible. Plaintiff shall identify each accused product by name or model number, if known.

3. A chart identifying specifically where each limitation of each asserted patent claim is found within each accused product, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the accused product that performs the claimed function.

    4. Whether each claim limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused product.

(Scheduling Order at 2, Dkt. # 11.)  Bosch submitted two separate infringement charts, one to each Defendant, claiming literal direct infringement, but not asserting any claims of infringement under the doctrine of equivalents or indirect infringement.  Defendants claim that Bosch failed to adequately assert claims of literal direct infringement.  Furthermore, Defendants argue that Bosch must either amend its infringement contentions to allege claims of infringement under the doctrine of equivalents and indirect infringement, or waive its right to assert such claims.

### i. Literal Direct Infringement

    Defendants argue that Bosch's infringement contentions do not adequately allege literal direct infringement because they fail to specify the location of each claim element in the accused products.  Instead, Defendants aver that Bosch relies on original equipment manufacturer ("OEM") software for every claim element of the '313 Patent besides its preamble.

    Bosch's infringement contentions to Snap-on are in the form of a claim chart that maps each claim element to the Pass-Thru Pro II product and Verus product.  Bosch's infringement contentions to Drew Tech. are in the same format and maps the CarDAQ-Plus product and Pass-Thru Pro II product to each claim element.  The claim charts provide pictures and cite excerpts from Defendants' websites and user guides to tie the accused products to the claim elements on an element-by-element basis.  Bosch also includes explanations of those pictures and excerpts.  The Pass-Thru Pro II product, Verus product, and CarDAQ-Plus product are identified repeatedly throughout the

infringement contentions. Having reviewed the two claim charts, which total almost 150 pages, the court finds that Bosch's infringement contentions "set[] forth particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patents themselves." *Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079 VRW, 2003 WL 21699799, at *4 (N.D. Cal. March 21, 2003).

Defendants argue that Bosch's infringement contentions are inadequate because the accused products do not control any of the reprogramming operation and "[t]he OEM software controls everything." (Mem. at 16, Dkt. # 48.) But this argument attacks the merits of Bosch's theory of patent infringement and not whether Bosch has sufficiently notified Defendants of the alleged infringement. Infringement contentions "are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process." *Network*, 2003 WL 21699799, at *5. "Infringement contentions are not intended to require a party to set forth a *prima facie* case of infringement and evidence in support thereof." *Realtime*, 2009 WL 2590101, at *5. Instead, infringement contentions "are intended to frame the scope of the case" so that the parties can conduct appropriate discovery. *Id.* Defendants' argument regarding the merits of the case will be addressed at a later point in litigation, but have no bearing on the sufficiency of Bosch's infringement contentions.

### ii. Infringement under the Doctrine of Equivalents

Defendants argue that Bosch's infringement contentions are inadequate because Bosch fails to allege infringement under the doctrine of equivalents. Defendants claim that Bosch must either assert the doctrine of equivalents or waive its right to later assert

the claim. Bosch concedes that its infringement contentions do not allege the doctrine of equivalents. However, Bosch argues that the scheduling order does not require Bosch to choose between alleging the doctrine of equivalents in its infringement contentions and waiving such claims.

The court's scheduling order directs Bosch to disclose whether each claim limitation "is alleged to be literally present or present under the doctrine of equivalents." (Scheduling Order at 2, Dkt. # 11.) By alleging claims of literal direct infringement, Bosch's infringement contentions satisfy the court's scheduling order even in the absence of asserting the doctrine of equivalents. The scheduling order allows parties to "seasonably file amended infringement . . .contention in accordance with Rule 26(e) upon learning that the contention is incomplete or incorrect." (*Id.* at 6.) The scheduling order noted that it may be necessary for a party to amend its infringement contentions following the court's claim interpretation ruling. (*Id.*) Bosch does not have to amend its infringement contentions to avoid waiving its right to assert a claim of infringement under the doctrine of equivalents. But if Bosch is considering alleging the doctrine of equivalents, Bosch should abide by the court's scheduling order and "conduct timely discovery so that [the infringement] contentions can be updated as soon as possible." (*Id.*)

### iii. Indirect Infringement

Similar to their argument regarding the doctrine of equivalents, Defendants claim that Bosch must either allege indirect infringement or waive its right to assert such claims. The section of the scheduling order which describes Bosch's responsibilities for disclosing its infringement contentions is entitled "Disclosure of Infringement

7

Contentions." (Scheduling Order at 2, Dkt. # 11.) Defendants conclude from this heading that the scheduling order "requires disclosure of any 'infringement contentions,' not merely direct infringement contentions." (Mem. at 18, Dkt. # 48.)

Defendants are mistaken to rely on a section's heading, instead of its content, for guidance regarding what Bosch must include in its infringement contentions. The scheduling order only requires Bosch to disclose "[w]hether each claim limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused product." (Order at 2, Dkt. # 11.) The scheduling order does not direct Bosch to make any assertions of indirect infringement, and Bosch has not waived its right to allege indirect infringement at a later time. However, similar to alleging the doctrine of equivalents, Bosch should amend its infringement contentions as soon as possible if it does plan to allege indirect infringement.

The court has found that Bosch's infringement contentions adequately place Defendants on notice of its theories of literal direct infringement and that Bosch has not waived its right to allege infringement under the doctrine of equivalents or indirect infringement. Accordingly, the court will deny Defendants' motion to compel.

### B. Bosch's Motion to Compel Discovery of the Verus Product

Bosch has requested discovery from Snap-on regarding the Verus product, but Snap-on has refused to comply with such requests. Bosch moves to compel discovery and for an order imposing sanctions on Snap-on for unreasonably withholding discovery. Snap-on argues that it is not required to provide any discovery because the Verus product is irrelevant to the lawsuit and Bosch's infringement contentions do not comply with the court's scheduling order. As the court has found that Bosch's

infringement contentions are sufficient with regard to the Pass-Thru Pro II product, the Verus product, and the CarDAQ-Plus product, the remaining issue is whether the Verus product is relevant to the case.

### i. Relevance of the Verus Product

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The federal discovery rules "are to be accorded a broad and liberal treatment." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). The term "relevant," for the purposes of discovery, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "[D]iscovery is permissible where it 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 982 (6th Cir. 2003) (quoting Fed. R. Civ. P. 26(b)(1)).

Bosch explicitly accuses the Verus product of infringing the '313 Patent in its complaint. For example, the complaint alleges that "the Pass Thru Pro II product alone or in combination with the VERUS Diagnostic Platform product or other computer is covered by at least claim 1 of the '313 Patent." (Compl. ¶ 21, Dkt. # 12.) The Verus product was identified and tied to the '313 Patent claims throughout Bosch's infringement contentions. In opposition to the lawsuit, Defendants argue that the Verus product does not infringe the '313 Patent. The Verus product plays a central role in Bosch's infringement claim and Defendants' defense to that claim. Therefore, the Verus product is relevant for the purposes of discovery under Rule 26(b)(1).

Defendants argue that the '313 Patent addresses the reprogramming of the firmware on a vehicle's computers. Defendants claim that because the Verus product does not include software that is capable of reprogramming a vehicle's computers, it is irrelevant for the purposes of discovery. Similar to Defendants' objections to Bosch's infringement contentions, this argument addresses the merits of the case. Defendants' disagreement regarding whether the Verus product infringes the '313 Patent does not affect whether the Verus product is relevant under Rule 26. The Verus product, as one of the accused products, is relevant to both parties' arguments. The court will grant Bosch's motion to compel discovery of the Verus product.

### ii. Bosch's Request to Impose Sanctions Against Snap-on

Bosch moves for sanctions against Snap-on, requesting the court to order Snap-on to pay reasonable attorney's fees and expenses incurred in seeking discovery for the Verus product. When a motion to compel is granted, "the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless, among other things, the "opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).

Snap-on's opposition to producing discovery of the Verus product does not warrant sanctions. Snap-on provided two arguments, supported by factual assertions and case law, regarding why it should not proffer discovery of the Verus product. While the court disagrees with those arguments, the court finds the arguments to be substantially justified. The court will deny Bosch's request for sanctions.

## IV. CONCLUSION

Accordingly, IT IS ORDERED THAT:

1. Plaintiff's motion to compel and for an order imposing sanctions [Dkt. # 33] is GRANTED IN PART and DENIED IN PART. It is GRANTED IN PART with regard to its motion to compel discovery related to the Verus product. It is DENIED IN PART with regard to its request for sanctions against Snap-on Inc.

2. Defendants' motion to compel [Dkt. # 47] is DENIED.

3. Defendants' motions to seal [Dkts. # 43, 46, 59] are GRANTED.

4. Plaintiff's motion to preclude Defendants from filing a late reply brief [Dkt. # 58] is DENIED.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: February 25, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 25, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522