**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT BOSCH LLC,

    Plaintiff,

v.                                                     Case No. 12-11503

SNAP-ON INC. and
DREW TECHNOLOGIES, INC.,

    Defendants.
                                                /

**OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION
TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS**

Defendants Snap-on Inc. and Drew Technologies, Inc. move the court to compel Plaintiff Robert Bosch LLC ("Bosch") to provide discovery from Robert Bosch GmbH ("Bosch GmbH") and ETAS GmbH. In support of their motion, Defendants also move to file under seal documents containing information that Bosch alleges to be confidential. Consistent with this court's past rulings, the court will grant Defendants' motion to seal. The motion to compel has been fully briefed, and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons explained below, the court will grant in part Defendants' motion to compel.

**I. BACKGROUND**

Defendants' motion primarily concerns three entities: Bosch GmbH, Bosch, and ETAS Gmbh. Bosch and ETAS GmbH are both subsidiaries of Bosch GmbH. In 2001, Bosch GmbH filed the U.S. patent application that became U.S. Patent No. 6,782,313 (the "'313 Patent"). On September 20, 2011, Bosch GmbH assigned the '313 Patent to

Bosch, and on that the same day, Bosch filed its patent infringement suit against Defendants. (Dkt. # 41-14 at 2-3.) Defendants claim that Bosch GmbH, as the '313 Patent's originator and owner for ten years, has relevant documents regarding the '313 Patent.

Defendants also seek documents from ETAS GmbH due to its relationship with Vetronix Corporation ("Vetronix"). Defendants claim that Vetronix, which allegedly has documents related to the '313 Patent, was operated by ETAS GmbH and is integrated with Bosch. Bosch claims that Defendants are mistaken as to the relationship between Vetronix and Bosch. Bosch argues that Vetronix, as a subsidiary of ETAS GmbH, is completely separate from Bosch and has no documents related to the '313 Patent.

Defendants have unsuccessfully sought from Bosch documents within the possession of Bosch GmbH and ETAS GmbH. Defendants move the court to compel Bosch to produce documents from those two entities as well as "any other related entities with relevant information." (Dkt. # 42 at 6.) Bosch opposes the motion, arguing that it does not have "control" over such documents for the purposes of discovery.

## II. STANDARD

A party must disclose relevant documents within "its possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A). Documents are within a party's "possession, custody, or control," for the purposes of Rule 34, "if the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995). The party seeking production of documents bears the burden of proving that the opposing party has control over those documents. *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870

F.2d 1450, 1452 (9th Cir. 1989). "The mere fact that the documents are in the possession of a parent or sister corporation does not automatically establish 'control.'" *Glaxo, Inc. v. Boehringer Ingelheim Corp.*, No. 3:95-CV-01342, 1996 WL 710836, at *7 (D. Conn. Oct. 7, 1996). "In the absence of control by a litigating corporation over documents in the physical possession of another corporation, the litigating corporation has no duty to produce." *Gerling Int'l Ins. Co. v. Comm'r*, 839 F.2d 131, 140 (3d Cir. 1988).

### III. DISCUSSION

Bosch must only produce documents under Rule 34 if the documents are relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The term "relevant" is broadly construed and encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Defendants seek documents related to, among other things, the design, development, and engineering of the '313 Patent—the patent-in-suit. As these documents are undoubtedly relevant to the disposition of the case, Bosch must produce such discovery if the documents are within its control.

Defendants move the court to compel Bosch to produce documents within the possession of Bosch GmbH, ETAS GmbH, and "any other related entities with relevant information." (Dkt. # 42 at 6.) The court will deny the motion with regards to "any other related entities with relevant information." Defendants cannot establish that Bosch exercises control over documents within the possession of unnamed entities, and the

3

court certainly cannot compel Bosch to produce documents from entities of which the court is unaware.

Similarly, the court will deny Defendants' motion with regards to compelling the production of documents within ETAS GmbH's control.  At the beginning of their memorandum, Defendants define "Bosch GmbH" as collectively referring to Bosch GmbH, ETAS GmbH, and "any other related entities with relevant information."  (Dkt. # 42 at 6.)  Defendants then proceed to direct all of their arguments towards Bosch GmbH, only specifically mentioning ETAS GmbH on occasion to reiterate that ETAS GmbH is a subsidiary of Bosch GmbH.  But Defendants have not offered any evidence to demonstrate that Bosch has control of documents within ETAS GmbH's possession and, therefore, have failed to meet their burden.

The remaining inquiry is whether Bosch has control over documents related to the '313 Patent within the possession of its parent company, Bosch GmbH.  A subsidiary has control over a parent corporation's documents when one of the following grounds exists:

> (1) the alter ego doctrine which warranted "piercing the corporate veil";
>
> (2) the subsidiary was an agent of the parent in the transaction giving rise to the lawsuit;
>
> (3) [t]he relationship is such that the agent-subsidiary can secure documents of the principal-parent to meet its own business needs and documents helpful for use in litigation;
>
> (4) [t]here is access to those documents when the need arises in the ordinary course of business; and
>
> (5) subsidiary is a marketer and servicer of parent's . . . product in the United States.

(the "*Camden*" grounds). *Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438, 441-42 (D. N.J. 1991) (citing *Gerling Int'l Ins. Co. v. Comm'r*, 839 F.2d 131, 140-41 (3d Cir. 1988)).

Defendants argue that the third ground is satisfied as Bosch has been able to obtain discovery from Bosch GmbH in previous patent infringement suits. In *Robert Bosch LLC v. Corea Autoparts Producing Corp.*, No. 2:10-cv-01924-RLH-RJJ, (D. Nev.) ("*Corea*"), a suit to which Defendants were not a party, Bosch filed patent infringement claims against Corea Autoparts Producing Corporation ("CAP"). Bosch GmbH was the original owner of the seven patents-in-suit and assigned five of them to Bosch two months before Bosch filed suit against CAP. (Dkts. # 41-5 at 3-4, # 41-36, # 41-37, # 41-38, # 41-39, # 41-40.) CAP moved to compel discovery of documents within the possession of Bosch GmbH. In response, Sarah Taylor, Chief Litigation Counsel, Intellectual Property at Bosch, submitted an affidavit stating:

> 1. Robert Bosch LLC contacted Robert Bosch GmbH personnel on several occasions and requested that they search their files for documents related to the design, development, testing, patentability and manufacture of each of the inventions of the patents-in-suit.
>
> 2. Robert Bosch GmbH personnel conducted several searches . . . and provided all documents located to Bosch LLC counsel.
>
> 3. The inventors of the patents-in-suit that are current employees of Robert Bosch GmbH or one of its affiliates searched their personal files for the same categories of documents . . . .

(Dkt. # 41-6 at 2-3.) Bosch, therefore, in a discovery dispute analogous to the present one, requested and obtained documents related to the patents-in-suit from Bosch GmbH, the original owner and assignor of the patents.

5

Bosch avers that it did not "secure" documents from Bosch GmbH in *Corea*. Instead, Bosch claims that it "graciously acted as a facilitator by forwarding" GAP's discovery request to Bosch GmbH, and Bosch GmbH "voluntarily" complied. (Dkt. # 53 at 22.) The court is not persuaded by Bosch's characterization. Under the third and fourth *Camden* grounds, a subsidiary has control over a parent's documents if it can "secure" or "access" the documents. *Camden*, 138 F.R.D. at 442. Regardless of whether Bosch GmbH voluntarily or reluctantly provided Bosch with the documents, Bosch successfully secured them from Bosch GmbH.

Bosch argues that Defendants have not demonstrated that Bosch has ever obtained documents related to the '313 Patent to meet its business needs or for use in litigation. Bosch further asserts that *Corea* is irrelevant because, in that case, Bosch did not obtain documents related to the '313 Patent, but for seven different patents. Yet the timing of the '313 Patent's transfer undermines the argument. Bosch GmbH transferred the '313 Patent to Bosch *on the same day* that Bosch filed the current lawsuit. Thus, the fact that Bosch has never obtained documents related to the '313 Patent is a consequence of Bosch having virtually no time to generate a business need for the documents prior to filing the lawsuit. Furthermore, Bosch and Bosch GmbH share leadership. Werner Struth serves as both Bosch's chairman and as a member of the board of management of Bosch GmbH. (Dkt. # 41-3 at 2.) Bosch, an organization that shares at least one leadership member with Bosch GmbH, received the '313 Patent from Bosch GmbH and immediately filed a lawsuit for patent infringement against Defendants. It strains credulity that Bosch would be unable to obtain from Bosch GmbH documents related to the '313 Patent that would assist Bosch in achieving a successful

6

outcome in this litigation. Defendants will not be foreclosed from obtaining similar documents that may aid in their defense.

"[P]rovid[ing] highly relevant documents in litigation" constitutes a "business need" under the third *Camden* ground. *Camden*, 138 F.R.D. at 444. Defendants have met their burden of demonstrating that Bosch can obtain documents related to patents-in-suit that Bosch GmbH originally owned and assigned to Bosch.

### IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendants' motion to compel [Dkt. # 41] is GRANTED IN PART AND DENIED IN PART. IT IS GRANTED with respect to documents within the possession of Robert Bosch GmbH. IT IS DENIED with respect to documents within the possession of ETAS GmbH and "any other related entities with relevant information."

IT IS FURTHER ORDERED that Defendants' motion to seal [Dkt. # 40] is GRANTED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 6, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 6, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522