UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOSCH LLC,

    Plaintiff,

v.                                             Case No. 12-11503

SNAP-ON INC. and
DREW TECHNOLOGIES, INC.,

    Defendants.
                                      /

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION
TO COMPEL DISCOVERY FROM CUSTODIANS AND
DISCOVERY ON SELECT SEARCH TERMS**

Plaintiff Robert Bosch LLC ("Bosch") moves the court to compel Defendants to produce discovery from custodians and to compel Defendant Snap-on, Inc. ("Snap-on") to produce discovery on select search terms. Bosch also moves the court to impose sanctions against Defendants for acting unreasonably in failing to provide the requested discovery. In support of its motion, Bosch moves to file under seal documents containing allegedly confidential information. Bosch obtained concurrence from Defendants to file the documents under seal, and the court will grant Bosch's motion to seal. The motion to compel has been fully briefed, and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will grant in part the motion.

## I. DISCUSSION

### A. Discovery from Custodians

Bosch moves the court to compel Defendants to provide discovery from custodians in accordance with the Stipulated Electronic Discovery Order ("ESI Order"). The ESI Order allows for searches of the electronically stored information ("ESI") of "custodians reasonably likely to have relevant and responsive information." (Dkt. # 13 at 2.) The ESI Order does not limit the number of custodians that may be searched. Bosch argues that Defendants are violating the ESI Order by unilaterally imposing a per-side limit on the number of custodians that may be searched.

Defendants agree that the ESI Order does not set a numerical limit on the custodians and maintain that they are not imposing any such limit. Instead, Defendants claim that the parties disagree on the inclusion of two sets of custodians: (1) Snap-on custodians specifically directed to the VERUS product; and (2) Bosch custodians from related Bosch entities, such as Bosch's parent and sister companies. Defendants state that whether the ESI of those custodians will be searched depends on the court's rulings on two pending motions to compel. (Dkts. # 33, # 41). Once the court issues orders on those motions to compel, Defendants claim that the parties will have the necessary information to make determinations regarding the contested custodians.

Since the filing of the present motion, the court has issued rulings on the two pertinent motions compel. (Dkts. # 74, # 77.) The court expects the parties to make decisions regarding the contested custodians consistent with those orders. It does not appear that the parties have any other dispute regarding obtaining discovery from

custodians. Accordingly, the court will deny as moot Plaintiff's motion with regard to compelling discovery from custodians in accordance with the ESI Order.

### B. Discovery on Select Search Terms

Bosch moves the court to compel Snap-on to run the following two search terms: (diagnostic! and test!) and ([ECU or "electronic control unit"] and diagnostic!). Under Rule 34, a party must produce relevant documents and electronically stored information. Fed. R. Civ. P. 34(a)(1)(A). Snap-on does not dispute that the search terms are relevant. Instead, Snap-on argues that the search terms are so broad and commonly used in day-to-day business that searching the terms would be burdensome and result in overproduction by implicating large portions of Snap-on's business that is irrelevant to the case. For example, Snap-on claims that the word "diagnostics" is included in at least one custodian's email signature and that "the vast majority of documents in Snap-on's Diagnostic Group include the word 'Diagnostics,' thereby effectively reducing the disputed terms to 'test!' and '(ECU or "electronic control unit").'" (Dkt. # 71 at 9.) Snap-on maintains that the term "diagnostic" will be sufficiently searched by already agreed-upon searches that use the term "diagnostic" paired with more narrowly tailored conjunctive terms, such as "plug" and "database," that are not as common as "test" and "ECU." Snap-on further argues that the search terms are unnecessary because Snap-on has agreed to run searches of all of the variations of the names of the accused products.

The court finds Snap-on's arguments unpersuasive. Even though Snap-on has agreed to search all variations of the names of the accused products, the disputed search terms may uncover relevant documents that do not contain the accused

products' names.  The court is not convinced that the terms "test" and "ECU" are significantly more common than "plug" and "database" such that searching (diagnostic! and plug) is reasonable but searching (diagnostic! and test!) is burdensome.  Snap-on should run the search terms using techniques to limit any overproduction.  As suggested by Bosch, Snap-on may exclude producing emails in which the term "diagnostic" is found only in the signature portion.  Further, Bosch does not object to Snap-on using agreed-upon proximity connectors in the searches.  If Snap-on decides to implement these or any other techniques to prevent overproduction, Snap-on should communicate the proposed techniques to Bosch prior to running the searches.  The parties should discuss and agree upon the details of the techniques so that the searches are conducted without generating further motion practice on the matter.

### C. Sanctions

Bosch moves the court to impose sanctions against Defendants and award Bosch reasonable attorneys' fees and expenses incurred in bringing its motion to compel.  When a motion to compel is granted, "the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless, among other things, the "opposing party's nondisclosure, response, or objection was substantially justified."  Fed. R. Civ. P. 37(a)(5)(A)(ii).

Imposing sanctions against Defendants is unwarranted.  First, Bosch's motion to compel is not granted in its entirety, as the motion to compel discovery from custodians is denied as moot.  Second, Snap-on has provided logical reasons for objecting to the disputed search terms, arguing that they are unnecessary and burdensome.  The court

disagrees with those arguments, but finds that Snap-on's objections were substantially justified.

## II. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's motion to compel [Dkt. # 62] is GRANTED IN PART and DENIED IN PART. It is GRANTED with respect to compelling discovery of the search terms (diagnostic! and test!) and ([ECU or "electronic control unit"] and diagnostic!) consistent with the recommendations outlined in Part I.B. It is DENIED as moot with respect to compelling discovery from custodians in accordance with the Stipulated Electronic Discovery Order. It is also DENIED with respect to Plaintiff's request to impose sanctions against Defendants.

IT IS FURTHER ORDERED that Plaintiff's motion to seal [Dkt. # 61] is GRANTED.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: March 14, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 14, 2013, by electronic and/or ordinary mail.

 s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522