**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT BOSCH LLC,

    Plaintiff,

v.                                                  Case No. 12-11503

SNAP-ON INC. and
DREW TECHNOLOGIES, INC.,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO EXTEND FACT DISCOVERY AND RESCHEDULING THE CLAIM CONSTRUCTION HEARING**

The court entered an order, (Dkt. # 80), after a chambers conference concerning discovery deadlines and compliance failed to produce an informal agreement on a suitable course of action.  Pursuant to the order, Defendants filed their motion to extend the fact discovery deadline, claiming that a significant amount of fact discovery still needs to be completed including: producing hundreds of thousands of documents; responding to interrogatories and requests for admission; obtaining third-party discovery; and meeting and conferring on the search terms and custodians for the Verus product and Bosch GmbH.  Further, no depositions have been taken as the parties agree that document production should be substantially finished before conducting depositions.  Defendants argue for a 120-day extension.

Plaintiff filed their response arguing that Defendants have unnecessarily created a "need" to extend fact discovery by refusing to provide discovery in a timely manner. According to Plaintiff, were it not for Defendants' lack of diligence and dilatory tactics,

fact discovery could have been completed on schedule.  However, Plaintiff recognizes that considerable fact discovery is currently outstanding and concedes that it would be "illogical . . . to claim that no fact discovery extension is required."  (Dkt. # 84 at 5.)  Plaintiff requests that the court set a schedule in which third-party discovery and Plaintiff's discovery ends on March 25, 2013, document production is complete by April 25, 2013, and all remaining fact discovery ends on May 25, 2013.

Given the apparently extensive amount of fact discovery that must be completed, extending the fact discovery deadline by 90 days is warranted.  The court will not impose Plaintiff's proposed staggered deadlines, as such a schedule may encourage undesirable additional motion practice if the various deadlines are not met.[1]

The court will also reschedule the claim construction hearing, currently scheduled for April 17, 2013, as the outstanding fact discovery will undoubtedly impact the parties' respective arguments.  Accordingly,

IT IS ORDERED that Defendants' motion to extend the deadline for fact discovery [Dkt. # 82] is GRANTED.  Fact discovery shall be completed by **June 24, 2013**.

---

[1] Adorned, the court has no doubt, by yet more acrimonious claims that the other party is attempting to "mislead" the court, (see Pl.'s Resp. to Defs.' Mot. to Extend Disc. nn.1-2, Dkt. # 84 at 1), submitting "self-serving" arguments, (see Defs.' Resp. to Pl.'s Mot. to Compel Disc., Dkt. # 71 at 8)—the court wonders, by the way, what other kinds of arguments a party is expected to submit—and deserving of sanctions for vexatious and unnecessary proceedings.

IT IS FURTHER ORDERED that the court will conduct a claim construction hearing on **July 17, 2013 at 2:00 pm.**

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: March 26, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 26, 2013, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522