## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT BOSCH LLC,

      Plaintiff,

v.                                     Case No. 12-11503

SNAP-ON INC. and
DREW TECHNOLOGIES, INC.,

      Defendants.

_____/

### OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S INTERROGATORY RESPONSES

Defendants Snap-on Inc. ("Snap-on") and Drew Technologies, Inc., ("Drew Tech.") moved to compel Plaintiff Robert Bosch LLC ("Bosch") to provide complete responses to specified interrogatories. During a January 2013 status conference, Defendants informed the court that its rulings on three then-pending motions to compel could affect the disputes at issue in their motion to compel interrogatory responses. The court ordered Bosch to delay responding to the present motion until the court issued rulings on those other three motions to compel. Once the rulings were entered, Defendants were directed to submit a statement listing which issues remained in their motion to compel interrogatory responses. Defendants timely submitted such a statement, claiming that they seek to compel Bosch to supplement its responses to twenty-five interrogatories. Bosch responded to the motion, and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons explained below, the court will grant in part Defendants' motion to compel.

# I. DISCUSSION

A party may serve on any other party interrogatories that are "relevant" under Federal Rule of Civil Procedure 26(b).  Fed. R. Civ. P. 33(a)(2).  The responding party must "fully" answer each interrogatory.  Fed. R. Civ. P. 33(b)(3).  Defendants move the court to compel Bosch to supplement its responses to Drew Tech. Interrogatory Nos. 1, 3-6, 8-10, 12-13, 15-16, 18-22 and Snap-on Interrogatory Nos. 1, 3, 5-10.

## A. Drew Tech. Interrogatory Nos. 1, 18-19 and
## Snap-on Interrogatory Nos. 1, 5-6

Drew Tech. Interrogatory Nos. 1, 18-19 and Snap-on Interrogatory Nos. 1, 5-6 request information about Bosch's indirect infringement claims.  Bosch argues that its responses to these interrogatories are sufficient and that Defendants "are wastefully seeking extraneous information."  (Dkt. # 87 at Pg 11.)  As an example representative of this set of interrogatories, Drew Tech. Interrogatory No. 18 asks Bosch to

> [s]tate the facts and bases presently known that support Bosch's allegations in paragraphs 34 and 35 of Bosch's Second Amended Complaint that Drew Tech's CarDAQ-Plus and Pass-Thru Pro II products were (i) "especially made or adapted for use in infringing the '313 patent" and (ii) "are not capable of a substantial use that does not infringe the '313 patent."

(Dkt. # 67-4 at Pg 17.)  Bosch responded that "Drew knew or should have known that its customer Snap-on had no right to practice the '313 patent.  Bosch LLC refers to and incorporates its infringement contentions filed on June 29, 2012.  Bosch LLC anticipates that the information sought by the Interrogatory may be addressed in its expert reports." (*Id.*)

Bosch did not fully respond to Drew Tech. Interrogatory No. 18.  The conclusory assertion that "Drew knew or should have known that its customer Snap-on had no right

to practice the '313 patent" does not provide Drew Tech. with any facts or bases that support the allegations in paragraphs 34 and 35 of Bosch's second amended complaint; Defendants are not "wastefully seeking extraneous information" in requesting a complete response.

Bosch argues that Defendants' motion is premature with respect to these interrogatories because Bosch's answers depend on Defendants' interrogatory responses that Defendants have not yet provided to Bosch.  Bosch claims that Defendants had not responded to Bosch's third set of interrogatories upon filing its response to the present motion to compel on March 27, 2013.  Defendants aver that they provided such responses the following day on March 28, 2013.  As Bosch now has all of Defendants' responses that it allegedly needs in order to provide a complete answer, it should no longer be unable to supplement its answers based on this concern.

Finally, Bosch contends that expert opinions are necessary to support indirect infringement allegations and that "Defendants' motion to compel is really an improper attempt to prematurely obtain expert opinions from Plaintiff."  (Dkt. # 87 at Pg 9.)  Yet these interrogatories are not asking for expert opinions.  Instead, Defendants are attempting to learn whether Bosch is alleging claims of indirect infringement and the factual bases for such claims so that Defendants may litigate the issues.  Such information does not require an expert opinion.

Defendants, for quite some time, have been attempting to ascertain whether Bosch is alleging indirect infringement.  On August 10, 2012, Defendants sent Bosch a letter claiming that Bosch's infringement contentions were insufficient.  Bosch responded on August 13, 2012, stating that Defendants "were sufficiently on notice" of

3

Bosch's indirect infringement claims and that, to the extent Defendants wanted more details of Bosch's infringement contentions, "Defendants must rely on interrogatories for such." (Dkt. # 67-11 at Pg 2-3.)  In Drew Tech. Interrogatory No. 1 and Snap-on Interrogatory No.1, Defendants asked Bosch to identify, with respect to each accused product, whether the alleged infringement was direct, contributory, or by inducement. On September 20, 2012, Bosch provided uninformative answers.  For example, in response to Drew Tech. Interrogatory No. 1, Bosch stated that "Drew is a direct infringer of the '313 patent.  Alternatively or additionally, Drew is liable for indirect infringement of the '313 patent based on the underlying direct infringement by its customer and co-defendant Snap-on.  Bosch LLC refers to and incorporates its infringement contentions filed on June 29, 2012." (Dkt. # 67-4 at Pg 8.)  Unsatisfied with Bosch's infringement contentions, Defendants moved to compel Bosch to disclose its infringement contentions, which this court denied after finding that Bosch had adequately alleged claims of direct infringement.  Even though Bosch did not allege indirect infringement claims in its infringement contentions, the court held it was not required to do so pursuant to the scheduling order.

As the court has previously noted, Bosch may amend its infringement contentions following the claim construction hearing to add claims of indirect infringement.  However, just because Bosch may later amend its infringement contentions does not mean that Bosch is relieved from fully responding to interrogatories that seek information about its indirect infringement claims.  The court will grant Defendants' motion to compel Bosch to provide a complete response to Drew Tech. Interrogatory Nos. 1, 18-19 and Snap-on Interrogatory Nos. 1, 5-6.

4

### B. Drew Tech. Interrogatory Nos. 3-6, 8-9, 16, 22 and
### Snap-on Interrogatory Nos. 3, 7-8, 10

Drew Tech. Interrogatory Nos. 3-6, 8-9, 16, 22 and Snap-on Interrogatory Nos. 3, 7-8, 10 seek information from Bosch's parent company, Bosch GmbH.  Bosch gave non-responsive answers, such as "Bosch LLC lacks information responsive to the Interrogatory."  (Dkt. # 67-4 at Pg 9.)  After Bosch issued its responses, the court granted Defendants' motion to compel the production of documents within the possession of Bosch GmbH.  (Dkt. # 77.)  Bosch now claims that it intends to supplement its interrogatory responses in light of this ruling.

Yet Bosch seemingly contradicts itself by continuing to argue that it should not have to supplement its responses as to Bosch GmbH.  Bosch offers three reasons in support of this claim: (1) Bosch maintains that it does not intend to rely on any documents or persons at Bosch GmbH and, consequently, supplementing its responses "would be extremely wasteful"; (2) Defendants' equitable defenses are speculative because they "run[] counter to Plaintiff's sworn and alleged facts"; and (3) Defendants are seeking information that they themselves have refused to provide.  (Dkt. # 87 at Pg 16-17.)  These objections, however, are immaterial as to whether Bosch must fully answer each interrogatory.  The scope of interrogatories must be "relevant" under Federal Rule of Civil Procedure 26(b), Fed. R. Civ. P. 33(a)(2), a term that is broadly construed.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Bosch does not argue that the information requested in the interrogatories is irrelevant for the purposes of Rule 26(b).  Therefore, the court will grant Defendants' motion to compel

Bosch to supplement Drew Tech. Interrogatory Nos. 3-6, 8-9, 16, 22 and Snap-on Interrogatory Nos. 3, 7-8, 10 and with information from Bosch GmbH.

### C. Drew Tech. Interrogatory Nos. 10, 12-13

Drew Tech. Interrogatory No. 10 asks Bosch to identify all products made, used, or sold by third-parties that is thought to be covered by any claim of the '313 patent. Relatedly, Drew Tech. Interrogatory Nos. 12-13 request information about each Bosch product that is allegedly covered by any claim of the '313 patent. Bosch answered that it does not have any responsive information to these interrogatories and now objects that the information requested in the interrogatories both "falls squarely in the domain of expert discovery" and "is not likely to lead to the discovery of admissible evidence." (Dkt. # 87 at Pg 14.) The court is unsure how information is simultaneously best reserved for expert opinion and unlikely to be admissible. Regardless, the information sought by Defendants is relevant because it relates to prior art invalidity defenses, damages, and equitable defenses. Further, the interrogatories do not require expert analysis as they ask Bosch to simply identify products that Bosch contends are covered by any claim of the '313 patent—a request that does not implicate the knowledge of experts. Accordingly, the court will grant Defendants' motion to compel regarding Drew Tech. Interrogatory Nos. 10, 12-13.

### D. Drew Tech. Interrogatory No. 21

Drew Tech. Interrogatory No. 21 asks Bosch to

[i]dentify and explain what Bosch contends is the proper measure of its damages for the alleged infringement of the '313 patent, including but not limited to the amount asserted by Bosch to constitute reasonable royalty under 35 U.S.C. § 284 or the amount asserted by Bosch to constitute lost profits and the manner of calculating profits.

6

(Dkt. # 67-4 at Pg 18.)  Bosch responded that it is "at least entitled to a reasonable royalty on Drew's sales of the products identified in Bosch LLC's infringement contentions as well as any convoyed sales made by Drew."  (*Id.* at Pg 19.)  Bosch has also disclosed that it will be seeking lost profits.

Defendants argue that Bosch's response is deficient because it does not provide the products for which it will claim damages, identify the sales which constitute "convoyed sales," or provide a damages amount.  Bosch argues that calculating damages based on a reasonable royalty and lost profits involves a complex, multi-factor analysis that should be addressed in expert discovery instead of fact discovery.  The court agrees.  Disclosing damages amounts and the manner in which those amounts were calculated requires too detailed of an analysis and explanation for an interrogatory response.  Defendants have been placed on notice of the two damages theories Bosch intends to pursue.  The precise details of those theories should be reserved for expert discovery, and the court will deny Defendants' motion to compel with respect to Drew Tech. Interrogatory No. 21.

### E. Drew Tech. Interrogatory No. 15

Drew Tech. Interrogatory No. 15 requests that Bosch "[i]dentify all discussions . . . between Bosch and any purchasers . . . and . . . manufacturers of pass-thru, vehicle reprogramming and/or vehicle flashing devices relative to the '313 patent."  (Dkt. # 67-4 at Pg 14.)  After listing numerous objections, such as the interrogatory is not relevant, over broad, and contains ambiguous phrases, Bosch answered that it had no responsive information.  Defendants argue that the objections are meaningless

7

boilerplate and move the court to compel Bosch to withdraw the objections and supplement its response to ensure that Bosch is not withholding responsive information. Bosch did not address Drew Tech. Interrogatory No. 15 in its response brief to Defendants' motion.

Bosch did not fully answer the interrogatory by stating only that it had no responsive information.  Bosch's failure to respond to Defendants' arguments in their motion to compel leads the court to conclude that Bosch does not have a persuasive justification for providing such a curt answer.  Accordingly, the court will grant Defendants' motion with respect to Drew Tech. Interrogatory No. 15.  Bosch must either identify the type of discussions described in the interrogatory or state that no such discussions were held.

### F. Drew Tech. Interrogatory No. 20

Drew Tech. Interrogatory No. 20 asks Bosch to "[s]tate the facts and bases presently known that support Bosch's allegation that this is an exceptional case under 35 U.S.C. § 285."  (Dkt. # 67-4 at Pg 18.)  Bosch answered that "[d]espite the objectively high likelihood that Drew's actions constitute infringement of the '313 patent and that Drew either knew or should have known as much, Drew's infringement continues unabated."  (*Id.*)  Bosch's response also incorporated its second amended complaint, infringement contentions, and answers to Drew Tech. Interrogatory Nos. 17-19.

Bosch contends that Defendants' motion to compel additional information regarding Bosch's exceptional case allegation is premature.  Pre-filing investigation is one of the factors considered in analyzing whether a case presents exceptional

circumstances.  *Computer Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1379 (Fed. Cir. 2008).  As a result, Bosch argues that, before it supplements its interrogatory response, it should be able to depose Drew Tech. about its pre-filing investigation leading up to Drew Tech.'s filing of a declaratory judgment action against Bosch concerning the '313 patent.  (Case No. 11-15068.)  The argument is unpersuasive. Drew Tech. Interrogatory No. 20 explicitly asks for "facts and bases *presently known* that support Bosch's [35 U.S.C. § 285] allegation."  (Dkt. # 67-4 at Pg 18) (emphasis added).  Bosch, presumably, had a reasonable basis for alleging in its complaint that the case constitutes an exceptional case under 35 U.S.C. § 285.  Bosch cannot provide a non-responsive answer simply because there is additional information it would prefer to know before answering.  The court will grant Defendants' motion to compel with respect to Drew Tech. Interrogatory No. 20.

### G. Snap-on Interrogatory No. 9

Snap-on Interrogatory No. 9 requests that Bosch identify all of the software it provided to any original equipment manufacturer ("OEM") "for reprogramming or reflashing the engine control unit of a vehicle," as well as the name of the OEM and the dates on which the software was supplied to and used by the OEM.  (Dkt. # 67-5 at 12.) Bosch answered that it had no responsive information and objects to the interrogatory as over broad and for requesting irrelevant information.  Defendants maintain that the '313 patent addresses the reprogramming of the firmware on a vehicle's computers. Consequently, Defendants argue that OEM reprogramming software provided by Bosch to OEMs is relevant to Defendants' invalidity based on prior art, equitable, and non-infringement defenses.

9

If the purpose of the interrogatory is to learn about prior art, then it is necessarily over broad.  The interrogatory does not contain any date restrictions and instead asks Bosch to identify *all* software designed and provided to OEMs, regardless of when that software was developed.  The requested information is also not relevant to Defendants' equitable defenses.  Defendants claim that if Bosch provided reprogramming software to OEMs, Bosch likely would have known that Defendants' accused products worked with that software.  Such a tenuous link between the requested information and Defendants' accused products render the interrogatory irrelevant for the purposes of equitable defenses.

However, the requested information is relevant and sufficiently tailored to Defendants' non-infringement defense.  Defendants contend that the '313 patent concerns the reprogramming of firmware and that the accused products do not control any reprogramming operations.  Identifying OEM reprogramming software provided by Bosch to OEMs is therefore relevant to Defendants' non-infringement defense.  Accordingly, the court will grant Defendants' motion to compel with respect to Snap-on Interrogatory No. 9.

### H. Defendants' Request to Impose Sanctions Against Bosch

Defendants move the court to award them reasonable expenses and attorney fees for filing this motion to compel.  When a motion to compel is granted, "the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless, among other things, the "opposing party's nondisclosure, response, or objection was substantially justified."  Fed. R. Civ. P. 37(a)(5)(A)(ii).

10

Defendants are not entitled to fees and expenses incurred in bringing their motion to compel interrogatory responses.  First, the motion is only granted in part, not in full.  Second, Bosch's answers to at least some of the interrogatories (e.g., those seeking information from Bosch GmbH) and its objections to Defendants' motion had a legal and factual basis such that they were substantially justified.  The court will deny Defendants' request for sanctions.

## II. CONCLUSION

Accordingly, IT IS ORDERED that Defendants' motion to compel [Dkt. # 66] is GRANTED IN PART and DENIED IN PART.  It is GRANTED with respect to Drew Tech. Interrogatory Nos. 1, 3-6, 8-10, 12-13, 15-16, 18-20, 22 and Snap-on Interrogatory Nos. 1, 3, 5-10.  It is DENIED with respect to Drew Tech. Interrogatory No. 21 and Defendants' request for sanctions against Bosch.

      s/Robert H. Cleland               
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 19, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 19, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner                 
Case Manager and Deputy Clerk
(313) 234-5522